IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES BRIAN FARLEY and | ) | Case No. 09-30891 |
| DEANNA SUE FARLEY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PATRICIA BROWN, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 09-3056 |
| | ) | |
| EMPIRE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Eighty-five days before filing bankruptcy, the Debtors granted the Defendant, Empire Bank, a deed of trust ("DOT") on their residence as additional security for a promissory note consolidating several outstanding debts to Empire. The Chapter 7 Trustee, Patricia Brown ("Trustee"), seeks to avoid the DOT as a preferential transfer under 11 U.S.C. § 547(b). Empire does not dispute that the DOT constitutes a preference (and the Court finds that all of the elements of § 547(b) have indeed been met). Instead, Empire maintains it provided the Debtors new value in the form of better terms on the consolidated note (*e.g.*, a lower interest rate) in exchange for the DOT. Thus, the sole issue before the Court is whether the DOT is shielded from avoidance under § 547(c)(1) as a transfer made as part of a contemporaneous exchange for new value.

For the following reasons, the Court concludes that the DOT is not shielded from avoidance under §547(c)(1), and it may therefore be avoided under § 547(b).

## DISCUSSION

The Debtors filed a Chapter 7 bankruptcy petition on July 25, 2009. Eighty-five days earlier, on May 1, 2009, the Debtors executed a promissory note in favor of Empire Bank for the purpose of consolidating their existing debts to Empire. As part of this transaction, the Debtors granted Empire a DOT on the full value of their residence (approximately $222,000); prior to the restructuring, Empire's secured interest in the Debtors' residence was approximately $68,000. Thus, the restructuring of the Debtors' obligations enabled Empire to improve its collateral position by approximately $154,000.

Other important details of this transaction are either hazy or missing. Doug Buckner, an employee of Empire, testified that prior to May 2009, the Debtors were obligated to Empire under five promissory notes. However, Empire provided copies of only two of those notes. Moreover, Empire argued at trial that the consolidated note contained more favorable terms than the notes on which the Debtors had previously been obligated, but the dearth of documentary evidence makes it impossible to confirm this contention. Most importantly, Empire has never quantified – in its pleadings or at trial – the specific amount of new value it conferred on the Debtors in exchange for the DOT. Empire's § 547(c)(1) defense fails in the absence of this evidence.

The recipient of a transfer determined (or, in this case, conceded) to be a preference under § 547(b) has the burden of proving all of the elements of a defense under § 547(c)(1).[1] Section 547(c)(1) provides:

> The trustee may not avoid under this section a transfer –
>
> > (1) *to the extent* that such transfer was –
> > (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> > (B) in fact a substantially contemporaneous exchange.[2]

Although Empire established the explicit requirements set forth in subsections "A" and "B" of § 547(c)(1), *i.e.*, that the parties intended the transaction to be a contemporaneous exchange for new value and that it was, in fact, a substantially contemporaneous exchange,

---

[1] *See In re Armstrong*, 291 F.3d 517, 525 (8th Cir. 2002).

[2] 11 U.S.C. § 547(c)(1) (emphasis added).

Empire failed to quantify the new value it conferred on the Debtors. It offered vague assertions that the Debtors benefitted as a result of a lower interest rate on the consolidated note (and the interest rate was indeed slightly lower than the interest rate of the two notes offered into evidence), but the interest rates of the other notes consolidated are not in evidence. Moreover, even if the consolidated note carried a lower interest rate than all of the prior notes, the benefit to the Debtors of that change cannot be determined without more information, such as the prior notes' terms and repayment schedules.[3]

As the portion of § 547(c)(1) italicized above indicates, § 547(c)(1) shields a preferential transfer from avoidance only "to the extent" the transfer was part of a contemporaneous exchange for value. In other words, a transferee's liability is reduced by only the specific amount of new value it conferred on a debtor.[4] Here, Empire did not offer a single piece of evidence – testimonial or documentary – to quantify the new value it provided the Debtors. Empire's vague assertions of the benefits conferred on the Debtors are insufficient to establish new value under § 547(c)(1). Consequently, Empire cannot prevail on its § 547(c)(1) defense, and the DOT may be avoided by the Trustee.

## CONCLUSION

For the reasons stated above, the Court finds that the Trustee has satisfied all of the elements necessary under 11 U.S.C. § 547(b) to avoid Empire Bank's May 1, 2009, deed of trust on the Debtors' residence. Empire's secured interests in certain of the Debtors' other property, which interests arise from separate instruments, are not impaired by this decision. A separate judgment consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bank. P. 9021.

**ENTERED** this 10th day of March 2010.

---

[3] Empire's loan officer, Buckner, testified that the new note would significantly lower the Debtors' monthly payments, but he did not carry the analysis further and advise the Court whether the lower payments would provide real value to the Debtors or whether it would simply provide some temporary relief, particularly in view of the three-year balloon in the note.

[4] *See, e.g.*, *In re Spada*, 903 F.2d 971, 976 (holding that a party asserting a § 547(c)(1) defense must establish a "specific dollar valuation" of the new value allegedly conferred on a debtor).

        /s/ Jerry W. Venters  
        HONORABLE JERRY W. VENTERS  
        UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
J. Kevin Checkett
Brian K. Asberry